# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DISTRICT

| | |
|---|---|
| JRLANI WILLIAMS, )<br>    Plaintiff, )<br>)<br>v. )<br>)<br>OFFICER T FENNELL (Star# 15220), )<br>OFFICER T LAMMERT (Star#17995), )<br>OFFICER A RASKE (Star#11186), )<br>SGT T DAVEY (Star#1400), OFFICER )<br>D MARONEY (Star# 17181) , OFFICER )<br>G BOGYO (Star# 19101), OFFICER )<br>J BROWNRIDGE (Star# 2874), OFFICER )<br>M FORD and the CITY OF CHICAGO, )<br>    Defendants. )<br>) | No:<br><br>Judge<br><br>Magistrate Judge:<br><br><br><br><br><br><br><br><br>**JURY DEMANDED** |

## COMPLAINT

NOW COMES the Plaintiff, Jrlani Williams, through one of his attorneys, Jon Erickson, complaining against the Defendants, Officers Fennell, Lammert, Raske, Davey, Maroney, Bogyo, Brownridge and Ford (collectively "Defendant Officers") and the City of Chicago, a municipal corporation, and in support thereof states as follows:

## INTRODUCTION

1. This is an action for money damages brought pursuant to 42 U.S.C. § 1983 and the laws of the State of Illinois to address deprivations of Plaintiff's rights under the Constitution of the United States and the State of Illinois.

## JURISDICTION AND VENUE

2. The jurisdiction of this Court is invoked pursuant to the Civil Rights Act, 42 U.S.C. §§ 1983 and 1985; the judicial code 28 U.S.C. §§ 1331 and 1343(a); the Constitution of the

United States; and pendent jurisdiction as provided under U.S.C. § 1367(a).

## PARTIES

3. Plaintiff Jrlani Williams resides in the Northern District of Illinois.

4. Defendant Officers are employees and agents of the Chicago Police Department. At all relevant times, the Defendant Officers acted under color of law as duly appointed law enforcement officers and within the scope of their employment.

5. Defendant City of Chicago is a municipal corporation duly incorporated under the laws of the State of Illinois and is the employer and principal of the Defendant Officers.

## BACKGROUND FACTS

6. On or about June 16, 2018, Plaintiff was driving a Maserati in the area of 13100 S. Indiana Ave, Illinois.

7. At that time, Defendant Officers were assigned to an anti-violence mission in the Altgeld Gardens neighborhood.

8. At approximately 9:43 pm, Defendants Fennell, Lammert and Maroney executed a traffic stop on Plaintiff's car for failure to display a front license plate.

9. Plaintiff complied by pulling over without incident.

10. Thereafter, without cause, Defendants Fennell, Lammert and Maroney ordered Plaintiff to exit the vehicle.

11. Plaintiff questioned the basis for Defendant's order and Defendants Fennell, Lammert and Maroney called for backup.

12. Thereafter, Defendant Officers forcibly removed Plaintiff from the vehicle.

13. Defendant Officers then, without legal justification, took plaintiff to the ground and punched, elbowed, forearmed and kneed him about the body.

14. Without sufficient probable cause or legal basis, the Defendant Officers caused Plaintiff to be charged with resisting/obstructing, battery, failure to use turn signal, fleeing and eluding police, failure to carry driver's license and operating a motor vehicle without insurance.

15. The charges against Plaintiff were *nolle prosequed* on or about February 11, 2019.

## COUNT I
## EXCESSIVE FORCE - 42 U.S.C. § 1983

16. All previously pled paragraphs are restated and re-alleged herein.

17. The actions of the Defendant Officers as set forth hereto constituted unreasonable, unjustifiable, and excessive force and failure to intervene against Plaintiff, thus violating his rights under the Fourth Amendment to the United States Constitution and 42 U.S.C. § 1983.

18. As a proximate result of the above-detailed actions of the Defendant Officers, Plaintiff suffered injuries, including without limitation physical harm and pain, emotional distress and anguish, and financial damages.

19. The misconduct described in this Count was objectively unreasonable and was undertaken intentionally with willful indifference to Plaintiff's constitutional rights.

WHEREFORE Plaintiff prays for judgment against Defendant Officers, jointly and severally, in a fair and just amount sufficient to compensate him for the injuries he has suffered,

3

plus a sum in punitive damages as well as costs, attorney's fees and such other relief as is just and equitable.

## COUNT II
## MALICIOUS PROSECUTION – STATE LAW

20. Plaintiff hereby incorporates all previous paragraphs as though fully set forth herein.

21. The Defendant Officers willfully and wantonly initiated legal proceedings against Plaintiff, and/or caused these legal proceedings to continue against him, without probable cause.

22. With malice, willfulness, and/or reckless indifference to Plaintiff's rights, the Defendant Officers created false and/or inaccurate police reports and/or made false statements to other police officers and prosecutors.

23. The legal proceedings against Plaintiff were terminated in his favor, in a manner indicative of innocence.

24. As a direct and proximate result of the Defendant Officers' malicious prosecution, Plaintiff suffered injury, including without limitation emotional and financial damages, which will be proven at trial.

WHEREFORE, the Plaintiff prays for judgment against Defendants Markarian and Burroughs, jointly and severally, for an award of reasonable compensatory and punitive damages, plus costs.

## COUNT III
## BATTERY – STATE LAW

25. Plaintiff restates and re-alleges all previously pled paragraphs.

26. The conduct of the Defendant Officers constituted an unauthorized touching of the Plaintiff.

27. The Defendant Officers' conduct that resulted in this battery was malicious, willful, and wanton.

28. As a proximate result of the above-detailed actions of the Defendant Officers, Plaintiff suffered injuries, including physical harm and pain, emotional distress and anguish, and financial damages.

WHEREFORE Plaintiff prays for judgment against Defendant Officers, jointly and severally, in a fair and just amount sufficient to compensate him for the injuries he has suffered, plus a sum in punitive damages as well as costs and such other relief as is just and equitable.

## COUNT IV
## INDEMNIFICATION- CITY OF CHICAGO

29. All previously pled paragraphs are restated and re-alleged herein.

30. Illinois law provides that public entities are directed to pay any tort judgment for compensatory damages for which employees are liable within the scope of their employment activities.

31. The individual defendants were at all relevant times employees of Defendant City of Chicago and acted within the scope of their employment in committing the misconduct described herein.

WHEREFORE, should any of the individual defendants be found liable on one or more of the federal claims alleged above, Defendant City of Chicago would be liable to pay the Plaintiff any judgment obtained against said Defendant.

## COUNT V
### *RESPONDEAT SUPERIOR* – CITY OF CHICAGO

32. Each paragraph of this Complaint is incorporated as if restated fully herein.

33. In committing the acts alleged in the preceding paragraphs, the Defendant Officers were members and agents of City of Chicago and were acting at all relevant times within the scope of their employment and under color of law.

34. Defendant City of Chicago is liable as principal for all torts committed by its agents.

WHEREFORE, should any of the individual defendants be found liable on one or more of the state law claims set forth above, Plaintiff demands that pursuant to *respondeat superior*, Defendant City of Chicago be found liable for any compensatory judgment Plaintiff obtains against said Defendant, as well as attorneys' fees and costs awarded.

### JURY DEMAND

Plaintiff demands a trial by jury.

### NOTICE OF ASSIGNMENT

Please be advised that all rights relating to attorneys' fees have been assigned to counsel.

Respectfully submitted,

/s/ Jon F Erickson

Erickson & Oppenheimer, Ltd.
223 W. Jackson, Suite 200
Chicago, IL 60606
312-327-3370

6